UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL WHITE,

   Movant,

             File No. 1:12-cv-205

v.

             HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

   Respondent.

_____/

## OPINION

   Pending before this Court is Movant Karl White's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (Dkt. No. 1), as well as his memorandum of law (Dkt. No. 2) and supplement (Dkt. No. 4). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that if it plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that the petitioner is not entitled to relief, the judge must dismiss the motion. Because upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief, the government was not ordered to file a response to this motion. For the reasons that follow, the Court denies the § 2255 motion and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

## I.  BACKGROUND

   On March 7, 2007, a grand jury returned a nine-count indictment[1], indicting Movant on eight counts: (1) conspiracy to distribute cocaine base; (2) possession with intent to distribute cocaine base; (3) carrying a firearm during and in relation to a drug crime; (4) felon in possession of a

---

[1]Count 8 pertained soley to Movant's co-defendant.

firearm; (5) possession with intent to distribute cocaine base (separate occasion); (6) felon in possession of a firearm (separate occasion); (7) possession with intent to distribute cocaine; and (8) forfeiture. A jury returned a guilty verdict on counts 1 through 7. The forfeiture count was resolved at a bench trial. On November 2, 2007, Movant was sentenced to life imprisonment for Counts 1 and 5, 40 years as to Count 2; 60 months as to Count 3; 10 years as to each of Counts 4 and 6; and 60 months as to Count 7. Counts 1, 2, 4, 5, 6 and 7 were to run concurrently with each other. Count 3 was to run consecutively to the sentences imposed on Counts 1, 2, 4, 5, 6 and 7.

On the same day, Movant filed a timely notice of appeal. Movant argued that he was (1) denied a fair trial as a result of erroneous discovery rulings, erroneous evidentiary rulings, and prosecutorial misconduct; and (2) that the district court erred sentencing him to life in prison. On April 16, 2009, the Sixth Circuit remanded Movant's case for resentencing because of an error in calculating the amount of cocaine distributed. Movant was resentenced on September 10, 2009 to 360 months as to Counts 1, 2 and 5; 60 months as to Count 3; 120 months as to each of Counts 4 and 6; and 60 months as to Count 7. Counts 1, 2, 4, 5, 6 and 7 were to run concurrently with each other. Count 3 was to run consecutively to the sentences imposed on Counts 1, 2, 4, 5, 6 and 7. Movant appealed his resentencing the same day.

On his second appeal, Movant argued that (1) the district court erred by imposing a sentence on the conspiracy conviction because it was not supported by sufficient evidence; (2) the district court improperly assigned criminal history points to three convictions; (3) the district court violated the Fifth and Sixth Amendments by holding him accountable for an amount of drugs neither found by the jury, nor admitted by him; (4) the district court erred by enhancing his offense level for his leadership role in the offense and for obstructing justice; (5) the district court erred by not permitting

him to present evidence showing that the prosecutor presented perjured testimony at trial; (6) he is actually innocent of possessing firearms as a convicted felon; and (7) the district court misinterpreted the scope of the remand and refused to let him subpoena witnesses or present evidence. On November 23, 2011, the Sixth Circuit affirmed his resentencing.

On March 5, 2012, Movant filed his timely § 2255 motion, alleging:

(1) violation of the Fourth Amendment in seizing, binding over Movant to the grand jury, and arraignment on the basis of false information;

(2) Denial of choice of counsel based on "manufactured" conflict of interest;

(3) Insufficient evidence;

(4) Conviction based on evidence obtained through an illegal search and seizure;

(5) Conviction based on coerced and perjured testimony;

(6) Prosecutor misconduct;

(7) Ineffective assistance of counsel; and

(8) Lack of foundation for drug quantity calculation, leading to procedurally unreasonable guideline calculation and sentence.

For the reasons that follow, Movant's argument lack merit, and his motion under § 2255 is properly denied. The Court also holds that a certificate of appealability will not issue.

## II. ANALYSIS

### A. Motion Standards

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum

authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," *DuPont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996) (internal citations and quotation marks omitted), or "an intervening change in the case law." *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Claims of ineffective assistance of counsel are an exception to this general rule. Claims of ineffective assistance of counsel "are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (quoting *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir. 1999)).

To establish ineffective assistance of counsel, Movant must show both deficient performance by his counsel and prejudice resulting therefrom. See *Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 739 (2011) (citing *Knowles v. Mirzayance*, 566 U.S. 111 (2009)). To establish deficient performance, Movant must show that "counsel's representation fell below an objective standard of reasonableness." *Premo*, 131 S. Ct. at 739 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689). Movant's burden is to show that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *See id.* (quoting *Strickland*, 466 U.S. at 687).

Even if Movant can successfully show his counsel's performance was deficient, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *See Strickland*, 466 U.S. at 691. Therefore, Movant must further establish that he suffered prejudice as a result of his attorney's allegedly deficient performance. Prejudice, in this context, has been defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Premo*, 131 S.Ct. at 739 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)); *see also Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Taylor*, 529 U.S. 362, 391 (2000) (internal quotations omitted).

The issue is whether counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*,

131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 690). This is a heavy burden for Movant to meet because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *See Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc)). As the Supreme Court has made clear, even when reviewing an ineffective assistance of counsel claim de novo, "the standard for judging counsel's representation is a most deferential one." *Premo*, 131 S.Ct. at 740.

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if Movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). The files and records in this case conclusively show that Movant is not entitled to relief under 28 U.S.C. § 2255. Further, his allegations are textbook examples of "wholly incredible" assertions. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

## B.   Ineffective Assistance of Trial Counsel

Movant presents a laundry list of reasons that his trial counsel's representation was

ineffective. Many of the issues raised have already been decided in the context of his appeal, and would be procedurally defaulted were they not presented within the penumbra of an ineffective assistance of counsel claim. Nonetheless, in the interests of fairness and justice, each claim is considered on its merits.

In a case, such as this, where Movant actually proceeded to trial, Movant "must overcome the presumption that, under the circumstances, the challenged action[s] might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted); *see also McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) ("We give substantial deference to counsel's decisions not to raise an argument, even a meritorious argument, if the decision might be considered sound trial strategy.") (internal quotations omitted).

Here, Movant has failed to overcome the presumption that his trial counsel's alleged errors were sound trial strategy. First, Movant argues his counsel was ineffective for failing to file pretrial motions to "suppress the evidence obtained from the illegal search and seizure in counts, (2,3,4)" (Mot., Dkt. No. 1 at 19). Movant has offered no evidence that the searches that produced evidence used against him at trial violated the Fourth Amendment. Therefore, there can be no prejudice to Movant resulting from trial counsel's failure to move for the evidence's exclusion.

Second, Movant argues his counsel should have moved for dismissal of the conspiracy charge (Count 1), because it was "legally and factually insufficient" (*id.*). Movant argues he was "the only one being charged with this count" (Mem., Dkt. No. 2 at 46) and that his counsel was deficient for failing to move to dismiss the charge because "one man cannot conspire with himself" (*id.*). Movant's assertion that he was "the only one being charged" with conspiracy is incorrect. Movant's co-defendant, Shaquann Branson was also charged with in the conspiracy count of the first

superseding indictment (Case No. 1:07-cr-29-1, Dkt. No. 28). This charge was dimissed as part of Defendant Branson's plea agreement (Case No. 1:07-cr-29-2, Dkt. No. 63). Further, looking to the transcript of the trial, the Court notes that the jury heard testimony of a number of witnesses with whom Movant had an agreement to sell cocaine (Case No. 1:07-cr-29-1, Dkt. Nos. 100-103). Having heard the testimony, the jury returned a guilty verdict on the conspiracy count (Case No. 1:07-cr-29-1, Dkt. No. 94).

Evidence is sufficient to support a conviction if, viewed in the light most favorable to the prosecution, the Court can conclude that a rational trier of fact could have concluded beyond a reasonable doubt that the elements of the crime had been proved. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). In this context, the Court may not weigh evidence, evaluate the credibility of witnesses, or substitute its judgment for that of the jury. *See United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006). The Court concludes that a rational trier of fact could have concluded that Movant was guilty of a conspiracy. Indeed, a jury did conclude Movant was guilty. Movant, therefore, has failed to show prejudice under *Strickland*

Third, Movant argues his counsel was deficient for failing to "object[] to the evidence being admitted into the trial" (Mot., Dkt. No. 1 at 19). Movant's argument (or lack thereof) mirrors his argument that counsel should have moved to suppress evidence before the trial. For the reasons explained *supra* regarding Movant's first ground for relief, Movant has failed to show prejudice under *Strickland*.

Fourth, Movant argues that his indictment was based on false evidence, and that his counsel was ineffective for failing to move to dismiss the indictment (*id.*). His memorandum appears to argue that the false evidence was the grand jury testimony of, among others, his girlfriend Leniya Stafford

(Mem., Dkt. No. 2 at 49). Movant also argues his counsel was ineffective for failing to "move to suppress the coerced confession of Shaquann Branson, and Leniya Stafford (Mot., Dkt. No. 1 at 20). However, as the Sixth Circuit discussed in Movant's appeal:

> Stafford testified at trial that [Movant] choked her after she spoke with the DEA after the January 1, 2006 gun incident in which she told police that a gun found in her home belonged to [Movant]. He also told her to refrain from speaking to law enforcement about drugs, set her clothes on fire, threatened her, and beat her on multiple other occasions, once while she was pregnant, and on another occasion so severely that White inflicted permanent damage to Stafford's right eye. In front of the grand jury, Stafford testified that the gun found in her home was [Movant's] and she also testified to [Movant's] other drug trafficking activities. At the bond revocation hearing, Stafford recanted her testimony and said that she lied to the grand jury. Stafford testified at trial consistent with her grand jury testimony, explaining that she recanted her testimony because she feared [Movant]. The district court did not err in admitting Stafford's testimony of the beatings to allow her to explain why her testimony changed.

*United States v. White*, 563 F.3d 184, 192 (6th Cir. 2009). Based on the Sixth Circuit's holding that this Court did not err in admitting Stafford's testimony, Movant could not possibly been prejudiced by his counsel's failure move to dismiss the indictment based on the same testimony. Movant, therefore, has failed to show prejudice under *Strickland*.

Next, Movant argues that his counsel was ineffective for "stipulating to the defendant's felony charge, when his rights had been restored" (Mot., Dkt. No. 1 at 20). Movant argues that "the 1998 conviction did not relate to the present conduct, and wasn't relevant for anything other than character" (Mem., Dkt. No. 2 at 48). "[Movant's] rights were restored, by the State of Michigan. So there was no purpose for bringing an inadmissible matter to the attention of the jury [sic]" (*id.*). However, Movant's prior conviction was an element of the crime of being a felon in possession of a firearm, and thus admissible under Fed. R. Evid. 803(22). Whether Movant's counsel stipulated the existence of the conviction or not, the Government could have presented evidence of it. Whether

the State of Michigan "restored" Movant's rights to carry a gun is irrelevant to his violation of a federal law. Therefore, Movant was not prejudiced by his counsel's stipulation.

Movant argues that his counsel "failed to vigorously cross-examine and impeach the government witnesses"; "failed to advocate his judgement of acquittal motion on the elements to the charges the government failed to establish"; and "failed to investigate the law and facts to the case, while neglecting to withdraw knowing there was an attorney client breakdown" (Mot., Dkt. No. 1 at 20). Movant has provided no evidence that these alleged failures occurred, let alone that they were not the result of a sound trial strategy. Therefore, Movant has failed to show prejudice due to counsel's alleged errors.

Movant next argues that his counsel was ineffective for failing to object to "the highly prejudicial and improper closing argument of the prosecutor" (Mot. Dkt. No. 1 at 20). Movant has failed to show prejudice under *Strickland*. When he presented the issue of a prejudicial closing statement to the Sixth Circuit, the Court rejected the argument. *White*, 563 F.3d at 194-95. Therefore, Movant was not prejudiced by counsel's alleged error.

Finally, Movant argues that counsel was ineffective in the forfeiture proceeding for failing to produce evidence to "prove the vehicles seized by the government didn't come from drug proceeds" (Mot., Dkt. No. 1 at 20). Movant argues that counsel should have produced paycheck stubs to prove the vehicles were purchased with other monies (Mem., Dkt. No. 2 at 54). On November 1, 2007, this Court entered an Opinion, finding that the vehicles in question were subject to forfeiture under both 21 U.S.C. § 853(a)(1) and § 853(a)(2). *United States v. White*, No. 1:070cv-29, 2007 WL 3244054, at *4 (W.D. Mich. Nov. 1, 2007). Under § 853(a)(2) property is subject to forfeiture if it has been used to facilitate criminal conduct. Therefore, based on this Court's findings,

even if Movant's counsel had produced paycheck stubs, the vehicles would still be subject to forfeiture. Therefore, Movant has failed to show that counsel's alleged error prejudiced him within the meaning of *Strickland*.

For the foregoing reasons, Movant is entitled to no relief under § 2255 for the alleged ineffective assistance of his trial counsel.

## C.     Ineffective Assistance of Appellate Counsel

Movant claims his appellate counsel was ineffective for failing to file an en banc petition; "raising the most meritorious issues on appeal;" covering "all the misconduct in his prosecutor misconduct argument;" and failing to review the case before the appeal (Mot., Dkt. No. 1 at 20). Movant's arguments are without merit.

Even if the argument(s) suggested by Movant were meritorious, appellate counsel was not required, under the constitution, to raise it. Claims of ineffective assistance of appellate counsel are evaluated under the two-prong standard of *Strickland. See Smith v. Robbins*, 528 U.S. 259, 285 (2000). In the context of appellate cases, the Supreme Court has stated, no "decision of this Court suggests . . . that the . . . defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to press those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Therefore, the mere fact that Movant now believes that his appellate counsel should have raised an issue or legal argument that was not raised does not demonstrate Movant was prejudiced. The Court holds, therefore, that Movant is entitled to no relief under § 2255 due to his appellate counsel's alleged errors.

**D.     Procedurally Defaulted Issues**

1.     *Issues Raised on Appeal*

"A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," *DuPont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996) (internal citations and quotation marks omitted), or "an intervening change in the case law." *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Movant re-raises three such issues here, namely, that there was insufficient evidence to support his conviction, that his conviction was based on coerced or perjured testimony, and prosecutor misconduct. Movant has failed to demonstrate "exceptional circumstances" or "an intervening change in the case law" that would entitle him to raise these issues a second time on collateral review. The Court holds, therefore, that Movant is entitled to no relief under § 2255 for these defaulted issues.

2.     *Issues Not Raised on Appeal*

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the Movant shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Movant raises four new issues in his motion: violation of his Fourth Amendment rights in the grand jury proceedings, denial of his choice of counsel, that his conviction was based on illegal evidence, and lack of foundation for drug quantity calculation. None of these issues were raised in either of Movant's appeals. Further, Movant has failed to show cause for why he did not include these issues in either appeal. The Court holds, therefore, that Movant is entitled to no relief under § 2255 for these defaulted issues.

### III.     CERTIFICATE OF APPEALABILITY

Having determined that Movant's arguments do not merit granting his motion under 28

U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court may also determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002).

A certificate of appealability should issue if the Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Movant's arguments debatable or wrong. Therefore, the Court denies Defendant a certificate of appealability as to each issue presented.

## IV.   CONCLUSION

For the foregoing reasons, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue raised.

The Court will issue a Final Order and Judgment consistent with this Opinion.


Dated: October 8, 2013                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE